DAVID A. BAKST, Respondent, *v.* RAYMOND BROWN, Doing Business as JIFFY FIRE HOSE AND RACK COMPANY, Appellant.

First Department, October 16, 1951.

*Arthur S. Cowen* of counsel (*Aaron Rosen* with him on the brief; *Otterbourg, Steindler, Houston & Rosen,* attorneys), for appellant.

*Eli B. Levy* of counsel (*Goldstein & Goldstein,* attorneys), for respondent.

VAN VOORHIS, J.  A statutory tenant appeals from an order of the Appellate Term affirming a final order of the Municipal Court awarding possession of business space to the landlord in a summary proceeding.  The landlord has sought possession by virtue of subdivision (k) of section 8 of the Business Rent Law (L. 1945, ch. 314), as added by chapter 535 of the Laws of 1949, upon the ground that he has entered into a new lease of the premises on West 52nd Street between 6th and 7th Avenues for twelve years at a rental in excess of $7,500 per year.  The new tenant is one Jerry Jung, and the purpose for which he is to use the premises is a Chinese restaurant.

Upon the trial, the tenant contended that the lease with Jerry Jung is not bona fide, and that subdivision (k) of section 8 was intended from the outset to be evaded by some subterfuge, such as a remission of rent stipulated in his lease.  For the purpose of establishing that the lease with Jerry Jung was not bona fide, the tenant sought to show upon the trial that Jerry Jung's gross income and expenses other than rent would not admit of the payment of the rent reserved in this lease.  The rent being paid by appellant is at the rate of $1,800 a year.  Under the lease with Jerry Jung it would range from $8,100 to $10,800 a year.  Likewise the tenant attempted to show that the landlord signed this twelve-year lease with Jerry Jung without investigating his references, without more than nominal security, without knowing whether Jung could obtain a liquor license, and without attempting to ascertain whether Jung would be able to keep his business afloat and pay the new rent.  All of such testimony was excluded upon the trial of the summary proceeding.

In some of these rulings, we think that the trial court erred. Although there is a limit beyond which the tenant should not be allowed to go in investigating Jerry Jung's former associates or the restaurants where he used to work or in which he had a proprietary interest, and we think it was within the discretion of the trial court to limit the examination to some extent respecting Jerry's uncle, Ted Young, it must be borne in mind that subdivision (k) of section 8 of the Business Rent Law applies only if the new lease has resulted from the acceptance by the landlord of '' a bona fide offer ''. The introduction in evidence of a lease for a term of not less than ten years at a rental of $7,500 per annum or more, does not necessarily mean that such a lease has been entered into in good faith. Bad faith, to be sure, is not to be inferred in the absence of circumstances tending to establish it, but it was pertinent for the tenant to cross-examine the landlord concerning conversations with the new tenant about the new lease before it was signed, the use to which the demised premises were proposed to be devoted with particular reference to the probable income and expenses of the restaurant, and as to such efforts as the landlord had made to satisfy himself that the new tenant would be able to perform at a rental of $7,500 or more per annum and what the landlord did to guarantee or secure performance of the lease.

It may well be that a new rental arrangement with a tenant would satisfy subdivision (k) of section 8 notwithstanding some uncertainty concerning the tenant's ability to perform during the full term. Such a lease ought not to be held to have been entered into in bad faith due to mere uncertainties of business, or honest miscalculation by a landlord or tenant concerning the tenant's ability to perform. On the other hand, a reckless disregard by a landlord of the possibility of performance by the tenant, especially if coupled with lack of security for performance, not caring whether a tenant's business or financial resources would be such as to render performance possible, would tend to indicate that performance of such a lease according to its terms was not expected at the time when it was entered into. The objections of landlord's counsel to the admission of evidence on those subjects should not have been sustained, nor to evidence of what has been the common experience of similar businesses. Other Chinese restaurants are in the same vicinity.

We do not decide whether this lease was entered into in good faith, nor whether it will be possible for this tenant to conduct his proposed Chinese restaurant successfully and pay the stipulated rentals. We hold that a determination of the question of

good faith should have been made in the light of the evidence above described, which was excluded, in conjunction with the other evidence in the record.

The determination of the Appellate Term and the final order of the Municipal Court should be reversed and the proceeding remitted to the Municipal Court for a new trial, with costs to appellant to abide the event.

GLENNON, J. P., COHN, CALLAHAN and SHIENTAG, JJ., concur.

Determination of the Appellate Term and the final order of the Municipal Court unanimously reversed and the proceeding remitted to the Municipal Court for a new trial, with costs to the appellant to abide the event.